UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON W. WILLIAMS,<br><br>        Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | Case No. 2:25-cv-01109-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS<br>FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 10, 12) |

Plaintiff Landon W. Williams seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits and supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a limited-scope remand on the ALJ's Step Five analysis for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED, the Commissioner's cross-motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

///

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 3, 7, 8.)

1

## I.   SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

**Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.

**Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.

**Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.

**Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.

**Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II.    FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On January 9, 2023, Plaintiff filed an initial claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging he had been disabled since December 1, 2021. Administrative Transcript ("AT") at 81-90 (available at ECF No. 9). Plaintiff claimed disability due to congestive heart failure, cardiomyopathy, heart disease (end stage), 30 percent heart function, chronic fatigue, shortness of breath, uses walking stick, diabetes, anemia, depression, and stage 4 congestive heart failure. AT 81. Plaintiff's applications were denied initially and upon

reconsideration; he sought review before an ALJ. AT 10. Plaintiff appeared with a representative at a July 11, 2024 hearing before an ALJ, where Plaintiff testified about his impairments and a vocational expert testified about hypothetical jobs in the national economy. AT 55-78.

On December 26, 2024, the ALJ issued a decision finding Plaintiff was not disabled. AT 7-26. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 21, 2021. AT 13. At step two, the ALJ determined Plaintiff had the following severe impairments: congestive heart failure and drug-induced cardiomegaly/cardiomyopathy. *Id*. At step three, the ALJ found Plaintiff's combination of impairments did not meet or medically equal any listing. AT 16 (citing 20 CFR Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listing 4.02 (chronic heart failure). *Id*.

At step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), however, he could never climb ladders, ropes, or scaffolds and could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. AT 17. Subsequently, the ALJ determined Plaintiff was unable to perform past relevant work. AT 24.

Finally, at step five, the ALJ found that there are jobs that exist in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. Id. These jobs were: Escort Vehicle Driver (919.663-022), sedentary exertion, SVP 2, 40,000 jobs nationally; Sorter, Clerical (209.687-022), sedentary exertion, SVP 3, 35,000 jobs nationally; and Document Preparer (209.687-018), sedentary exertion, SVP 2, 14,000 nationally.[2] AT 25.

---

[2] "Sedentary" in the ALJ's step-five determination references sedentary work, as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a).

"SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* DOT, App. C, § II, available at 1991 WL 688702.

4

In making the step five findings, the ALJ acknowledged there were portions where the vocational expert relied on "her personal experience, knowledge, training, and personal observations," of the identified professions. *Id*. Particularly, the vocational expert testified that while the occupation of a Document Preparer is classified with a reasoning level of 3, she testified that the mental demands of the occupation were equivalent to a reasoning level of 2. To support this conclusion, the  vocational expert testified that the occupation now requires scanning documents and no longer requires the use of a microfiche machine/reader, which she argued was "more vocationally demanding than a scanner." *Id*. The vocational expert also testified that the occupation of a Sorter, Clerical should be classified as unskilled instead of semiskilled because the General Educational Development levels are 2 or less. *Id*. The ALJ acknowledged that the vocational expert's testimony was "uncontradicted," nor did Plaintiff object to the vocational expert testimony, leading the ALJ to accept the vocational expert's testimony and to make a determination that the vocational expert's explanations were reasonable. *Id*. Thus, the ALJ found Plaintiff not disabled during the relevant period. *Id*. On February 21, the Appeals Council rejected Plaintiff's request to review. AT 1-5. The parties later filed cross-motions for summary judgment. (ECF Nos. 10, 12.)

## III.    ISSUES PRESENTED FOR REVIEW

Plaintiff only contends the ALJ erred in its step five analysis by determining Plaintiff is capable of performing a significant number of jobs in the national economy and asks for a "limited scope remand," to resolve only the issues raised in the Complaint. Pl. Mot. Summ. J. at 7, 13 (ECF No. 10.)

The Commissioner argues the ALJ's determination in whether Plaintiff is capable of performing a significant number of jobs in the national economy was supported by substantial evidence and that the Court should affirm the ALJ's decision. Def. Mot.

---

Reasoning Levels in the Social Security context range from Level One (simplest) to Level Six (most complex). *See Rounds v Comm'r*, 807 F.3d 996, 1003 (9th Cir. 2015) (citing DOT, App. C, § III, 1991 WL 688702).

Summ. J. at 3, 8 (available at ECF No. 12.)

**IV.    DISCUSSION**

**A.    Step Five**

1.    <u>Legal Standards</u>

At Step Five, where a plaintiff has established that they are unable to perform any past relevant work, the burden shifts to the Commissioner to demonstrate that "the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (quoting *Tackett*, 180 F.3d at 1100).

The Court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, *Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. *Id.; see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is

conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, *see Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. *See Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).

  2.  Analysis

    a.  *Waiver of Plaintiff's Step Five Arguments*

As a preliminary matter, Plaintiff has waived his arguments regarding the ALJ's step five analysis by failing to raise objections during the vocational expert testimony. *See Meanel v. Apfel*, 172 F. 3d 1111, 1115 (9th Cir. 1999) ("… [W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."); *see also Shaibi v. Berryhill*, 883 F. 3d 1102 (9th Cir. 2017) ("[W]here a claimant fails entirely to challenge a VE's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel."); *see also Mojarro v. Berryhill*, 746 Fed. App. 672, 675 (9th Cir. 2018) (finding plaintiff waived his argument that he could not perform jobs identified by the vocational expert due to his eyesight or hearing by failing to challenge this during the administrative proceeding.) However, even if waiver did not apply, Plaintiff's arguments challenging the ALJ's step five analysis fail.

    b.  *Escort Vehicle Driver*

Plaintiff argues the ALJ erred in determining he could perform the DOT occupation of Escort Vehicle Driver. Pl. Mot. Summ. J. at 7. Plaintiff first draws attention to the DOT description stating that "workers in this occupation play an important role in ensuring oversize loads are safely transported along public highways." *Id*. He argues that "[i]t borders on absurd," that the occupation would be appropriate as Plaintiff was determined to suffer from congestive heart failure and drug-induced cardiomegaly/ cardiomyopathy. *Id*. Further, Plaintiff argues that at the administrative hearing, the ALJ erroneously omitted the fact that Plaintiff suffered from these ailments in the hypothetical

question posed to the  vocational expert. *Id*. at 8. Finally, Plaintiff argues that based on additional research undertaken, many of the jobs that could qualify under the Escort Vehicle Driver occupation require additional training, education, or professional certification than the 40,000-job number estimate opined by the  vocational expert at the administrative hearing. *Id*. at 8-9. Therefore, Plaintiff argues the ALJ erred in relying on this occupation at step five of the sequential evaluation process without making a clarification of whether Plaintiff could perform 40,000 jobs in his current state of training and education. *Id*. at 9.

Defendant argues the ALJ's determination that Plaintiff could perform the DOT occupation of Escort Vehicle Driver was supported by substantial evidence. Def. Mot. Summ. J. at 5-7. Defendant argues Plaintiff's characterization of the ALJ's assessment is a lay opinion with no additional "evidence, authority, or expert opinion to support this view." Def. Mot. Summ. J. at 5. Next, Defendant argues Plaintiff's assertion that the ALJ did not include his cardiac impairments in his hypothetical was incorrect because Plaintiff's impairments were accommodated in his RFC, and Plaintiff does not challenge the RFC findings. *Id*. at 5-6 (*citing* 20 C.F.C. § 404.1545(a)(5)(ii)). Finally, Defendant argues that Plaintiff's additional research that allegedly presented a conflict that the ALJ failed to resolve is another "unsupported lay opinion." *Id*. at 6.

The Court finds that there is substantial evidence to find that Plaintiff was capable of performing the Escort Vehicle Driver occupation. Plaintiff's arguments regarding the "absurdity" of the classification appear to be lay opinion and speculation, "which does not outweigh the plain language of the DOT or the [vocational expert]'s expertise." *See Cavazos v. Commissioner of Social Security*, 2023 WL 3379302, at *11 (E.D. Cal. May 11, 2023) (finding plaintiff's argument that conflict existed between DOT and vocational expert  testimony and that there was an "obvious" exposure to fumes unpersuasive).

Further, the ALJ's hypothetical to the vocational expert contained Plaintiff's RFC, which includes "all the relevant medical and other evidence in Plaintiff's case record…" 20 C.F.R. § 404.1520(g)(ii). This contradicts Plaintiff's assertion that the hypothetical

erroneously omitted health information. As noted by Defendant and the ALJ, Plaintiff did not raise a challenge when the hypothetical was made. Def. Mot. Summ. J. at 12; AT 25. Accordingly, the Court grants summary judgment on this issue in favor of Defendant.

c.    Sorter

Plaintiff argues the ALJ erred in determining he was capable of performing the DOT occupation of Sorter. Plaintiff argues that the ALJ erred by adopting vocational expert testimony that conflicts with the DOT. Pl. Mot. Summ. J. at 11. Using language from SSR 00-4p,[3] Plaintiff argues adjudicators are "expressly prohibited" from adopting vocational expert testimony that certain occupations as described in the DOT as semiskilled are actually unskilled. *Id*. at 10 ("SSA adjudicators may not rely on evidence provided by a [vocational expert]… if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions."). Therefore, Plaintiff argues the ALJ erred by adopting the [vocational expert]'s testimony that the occupation of Sorter was semiskilled instead of unskilled because the "testimony was not consistent with the DOT's skill levels." *Id*. at 12-13.

Defendant argues that Plaintiff is incorrect in his assertion that the ALJ cannot rely on vocational expert testimony that conflicts with the DOT, rather the ALJ may do so as long as "he obtains a reasonable explanation for the conflict." Def. Mot. Summ. J. at 8 (citing *Massachi v. Astrue*, 486 F. 3d 1149, 1153 (9th Cir. 2007)). The Court agrees with Defendant and finds that there is substantial evidence for the ALJ to have relied on the vocational expert's testimony.

The court in *Massachi* states:

> Although evidence provided by a vocational expert "generally should be consistent with the Dictionary of Occupational Titles, "[n]either the [Dictionary of Occupational Titles] nor the [vocational expert]… evidence automatically 'trumps' when there is a conflict." Thus, the ALJ must first determine whether a conflict exists. If it does, the ALJ must then determine whether the vocational expert's explanation for the

---

[3] SSR 00-4p was rescinded on January 6, 2025, and replaced by SSR 24-3p. 2024 WL 4988840. However, this predates Plaintiff's proceeding.

9

conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles.

486 F.3d at 1153 (modifications in the original) (quoting SSR 00-4p, at *2). Here, the Court agrees with Defendant that the ALJ acted appropriately according to *Massachi*. Def. Mot. Summ. J. at 7. The ALJ determined that a conflict existed between the information contained in the DOT for a Sorter and the vocational expert testimony. AT 25. The ALJ determined that the vocational expert testimony was reasonable. *Id*. The ALJ also explained the basis for relying on the  vocational expert testimony: because the General Educational Development levels are 2 or less, the occupation should be classified as unskilled instead of semiskilled. *Id*. The ALJ also noted in the analysis that the vocational expert's testimony was uncontradicted and Plaintiff did not object. *Id*. Therefore, the Court determines there was substantial evidence for the ALJ to find Plaintiff was capable of performing the occupation of Sorter and grants Defendant's motion for summary judgment on this issue.

> d.      *Document Preparer*

Plaintiff argues the ALJ erred in finding that he could perform Document Preparer work. Pl. Mot. Summ. J. at 13. Citing *Gutierrez v. Commissioner of Social Security*, Plaintiff attests the ALJ's finding of 14,000 jobs nationally available as a Document Preparer violates "binding Ninth Circuit precedent" by being below *Gutierrez*'s finding of 25,000 jobs nationally being a "close call." *Id*. (citing 740 F.3d 519, 529 (9th Cir. 2014)).

Defendant argues that "the Court does not need to consider this occupation standing alone," and that the ALJ's finding of 89,000 jobs exceeds the 25,000-job threshold set in *Gutierrez*. Def. Mot. Summ. J. at 8. A closer look at *Gutierrez* finds that the 25,000 jobs number at issue was the sum of more than one occupation that were a part of the ALJ's findings. 740 F.3d, at 521 ("[T]he ALJ found that Gutierrez could work as an assembler… [and] as an almond blancher."). Therefore, the Court agrees with Defendant that 89,000-job calculation is appropriate and grants Defendant's motion for summary judgment on this issue.

### B.    Plaintiff's Request for Partial Remand

Because the Court grants Defendant's cross-motion for summary judgment, it denies Plaintiff's request for partial remand.

## V.    CONCLUSION

Having addressed all of the points of error raised by Plaintiff, the Court finds the ALJ's decision otherwise supported by substantial evidence in the record and free from legal error. *See Ford*, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence").

## ORDER

Accordingly, the Court ORDERS:

1.    Plaintiff's motion for summary judgment (ECF No. 10) is DENIED;

2.    The Commissioner's cross-motion (ECF No. 12) is GRANTED;

3.    The final decision of the Commissioner is AFFIRMED and

4.    The Clerk of the Court is directed to CLOSE this case.

Dated:  May 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, will.1109.25.ss msj